■ MAUDE S. SAVAGE, as Administratrix of the Estate of VICTOR SAVAGE, Deceased, Respondent, v. BETH DAVID HOSPITAL, Appellant.— In an action to recover damages for wrongful death and for conscious pain and suffering, the defendant appeals from an order of the Supreme Court, Queens County, dated March 9, 1960, which denies its motion to dismiss the complaint for plaintiff's alleged willful failure to appear for an examination before trial pursuant to notice. It appears that plaintiff is a resident of Florida. The order denies the motion without prejudice to renewal if plaintiff does not submit to an examination whenever she returns to New York City, and in any event "on a date proximate to the trial, or by written interrogatories." Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ NORMA SPRINGER et al., Respondents, v. JOHN CARLSON, Appellant. JOHN WEIBOLD, Respondent, v. JOHN CARLSON, Appellant.— In a consolidated action to recover damages for injuries to person and property, arising out of the collision of two automobiles, defendant appeals from an order of the Supreme Court, Suffolk County, entered June 14, 1960, which grants plaintiffs' oral motion to direct defendant and his wife, Carmela Carlson (not a party), to appear for examination before trial as to all pertinent and material matters concerning the operation and control of the vehicle which was operated by defendant. The examination was ordered following a conference between court and counsel held after the case had appeared for trial on the Ready Calendar and more than 2½ years after a note of issue had been filed by plaintiffs. This note of issue included a statement of readiness pursuant to the special rule of this court effective January 15, 1957, as amended (statement of readiness rule). In the filed readiness statement there are included these words " defendant is scheduled to be examined before trial." Order reversed, without costs, and motion denied. In the absence of a formal application and a showing made pursuant to paragraph (c) of subdivision (9) of the special rule of this court relating to statements of readiness, the order under review was unwarranted. The record does not disclose such an application and showing. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ ANNABELLE M. WIMBUSH, an Infant, by Her Guardian ad Litem, ROBERT A. WIMBUSH, et al., Respondents, v. JOHN L. HURDMAN, Appellant.— In an action to recover damages for personal injuries sustained as a result of being bitten by defendant's dog, defendant appeals from an order of the Supreme Court, Westchester County, entered June 27, 1960, which grants plaintiffs' motion for summary judgment striking out defendant's answer and which sets the case down for an assessment of damages. Order reversed, without costs, and motion denied. In our opinion, the record presents issues of fact for a jury's determination. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.